IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALLEN YOUNG, #1412493 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv553 |
| ANTHONY A. BALOGUN, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Allen Young a.k.a. Brittney, a prisoner confined in the Texas prison system, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed this lawsuit pursuant to 42 U.S.C. § 1983. Young has a history of abuse of court and is generally barred from proceeding *in forma pauperis* in light of the "three strikes" provisions of 28 U.S.C. § 1915(g). The lawsuit was referred to United States Magistrate Judge Judith K. Guthrie, who concluded that the lawsuit should be dismissed pursuant to 28 U.S.C. §§ 1915(g) and 1915A(b)(1). Young has filed objections.

Young correctly noted in the objections that § 1915(g) provides an exception to the "three strikes" rule and permits inmates to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury." In this case, however, force was allegedly used against Young by Defendant Balogun on one occasion. Even though Balogun may still work around Young, the facts as alleged do not support an inference that Young is under imminent danger of serious physical injury. The objection lacks merit.

Magistrate Judge Guthrie also concluded that the lawsuit should be dismissed based on a failure to exhaust administrative remedies. The complaint involves an incident that occurred on August 10, 2012. Young prepared and dated the complaint on the following day without exhausting both steps

1

of the grievance procedures. In the objections, Young argued that he should be permitted to immediately file the complaint in order to seek a temporary restraining order and/or preliminary injunction, but the law is clear that he must first exhaust his administrative remedies and give prison officials the opportunity to address his claims before proceeding to federal court. *See Booth v. Churner*, 532 U.S. 731 (2001). The objection lacks merit.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Young to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Young's objections are without merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the civil rights complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g) and with prejudice, predicated on a failure to exhaust, pursuant to 28 U.S.C. § 1915A(b)(1). It is further

**ORDERED** that the Plaintiff's motion for leave to proceed *in forma pauperis* (docket entry #2) is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 10th day of September, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**